## JACOB GLADKE and MORRIS J. GLADKE, Respondents, v. MOSES MASCHKE, Appellant.

*Attachment—when the action is one for a wrongful conversion of personal property— Code of Civil Procedure, sec. 635, sub. 2.*

The first cause of action set forth in the complaint in this action was to recover damages occasioned by the sale of goods, which was induced by the false and fraudulent representations of the defendant. The second cause of action alleged that the defendant purchased the goods when insolvent, and with the intent to cheat and defraud the plaintiff, and not pay for them. It then alleged that the defendant had converted the goods to his own use to the plaintiff's damage.

*Held*, that the complaint set forth a cause of action for the "wrongful conversion of personal property," within the meaning of subdivision 2 of section 635 of the Code of Civil Procedure, and that the action was one in which an attachment might issue.

*Bogart* v. *Dart* (25 Hun, 395) followed; *Wittner* v. *Von Minden* (27 id., 234), criticised and doubted.

APPEAL from an order made at a Special Term denying a motion to vacate an attachment.

The action was brought to recover the value of goods sold by plaintiff to the defendant. The complaint contained two counts :

*First.* That the goods were obtained by the defendant by means of fraud and misrepresentation.

*Secondly.* That the goods were obtained by the defendant with the preconceived and fraudulent intent not to pay for the same, and that there had been a conversion of such goods by defendant.

*Alexander Thain*, for the appellant.

*Jacob Schwartz*, for the respondents.

PER CURIAM:

The application to vacate the attachment proceeded upon the ground that one of the plaintiffs causes of action as they were set forth in the complaint, was for damages sustained by the sale and delivery of goods induced by false and fraudulent representations. But while this was the form of the statement first made in the complaint of the plaintiffs cause of action, it was followed by another statement plainly relating to the sale of the same goods, alleging

them to have been purchased when the defendant was insolvent and unable to pay for them, and with the intent and design not to pay for the goods, but to cheat and defraud the plaintiffs out of their value. And following these allegations was the further allegation that the defendant had converted the goods and merchandise to his own use. By an affidavit upon which the attachment was issued, a conversion of the goods by the defendants was also charged, and in the attachment itself the cause of action is stated to have been one for the wrongful conversion of personal property. These statements, inasmuch as the demand was the same which was referred to in the first as it was in the second subdivision of the complaint, presented the case of an action for damages for the conversion of personal property, and within subdivision 2 of section 635 of the Code of Civil Procedure that entitled the plaintiffs to an attachment, inasmuch as the other grounds required by the Code for that purpose were established by affidavits. The case of *Wittner* v. *Von Minden* (27 Hun, 234), is therefore not an authority sustaining this appeal, and it may be, inasmuch as subdivision 2 of section 3342 was not considered in the decision of that case, that it has proceeded upon an erroneous theory of the law as that was construed in *Bogart* v. *Dart* (25 Hun, 395). The demand sustained in the plaintiffs' favor was one for which an attachment could be issued, and the order denying the motion to vacate it should be affirmed, with ten dollars costs besides the disbursements.

Present DAVIS P. J., BRADY and DANIELS, JJ.

Order affirmed, with ten dollars costs and disbursements.